**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
_____
                                   :
GERALDO VEGA,                      :
                                   :     Civ. No. 18-13180(RMB)
              Petitioner           :
     v.                            :              OPINION
                                   :
WARDEN DAVID ORTIZ, et al.,        :
                                   :
              Respondents          :
_____:
```

**BUMB, United States District Judge**

Petitioner, Geraldo Vega, an inmate incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey, filed a habeas petition under 28 U.S.C. § 2241, seeking credit against his federal sentence for a 38-month period of prior custody. (Pet., ECF No. 1.) Respondent filed an answer, opposing habeas relief. (Answer, ECF No. 5.) Petitioner filed a reply. (Reply, ECF No. 8.) For the reasons discussed below, the Court denies the habeas petition.

I.   BACKGROUND

Petitioner was arrested on drug possession charges in New York City on January 8, 1985, and released on bail on October 3, 1985. (Declaration of Edith Rohmer,[1] ("Rohmer Decl.", ¶4, ECF No.

---

[1] Edith Rohmer is a Management Analyst with the Federal Bureau of Prisons Designations and Sentence Computation Center.

5-1 at 2; Attach. 1, ECF No. 5-2 at 2-4.) After Petitioner apparently fled, he was sentenced *in absentia* on August 6, 1986 to a 25-year to life term of imprisonment. (Rohmer Decl., ¶4, ECF No. 5-1 at 2; Attach. 1, ECF No. 5-2 at 2-4.) After his apprehension, Petitioner began to serve this sentence on September 29, 1988. (Id.)

Petitioner was brought, via a writ of habeas corpus *ad prosequendum*, to the United States District Court, Eastern District of New York on September 1, 1989, where he ultimately pled guilty in Criminal Action No. 89-229 to conspiracy to distribute in excess of 100 grams of heroin and in excess of 500 grams of cocaine. (Id., ¶¶5-6, ECF Nos. 5-1 at 2; Attach. 2-3, ECF No. 5-2 at 6-7, 9-10.) Petitioner was sentenced in the U.S. District Court, Eastern District of New York on November 15, 1991 to a 360-month term of imprisonment, consecutive to Petitioner's sentence imposed by the State of New York. (Id.) Petitioner was returned to the custody of the State of New York to complete his state sentence on December 9, 1991. (Id., ¶7; Attach. 2.)

Based on a change in New York state law, on September 20, 2010, Petitioner's New York state sentence was reduced to a 15-year term of imprisonment, and it was recalculated to provide a release date of December 24, 2002. (Id., ¶¶8, 9; Attach. 1, 4.) Petitioner was discharged from his state sentence to begin serving

2

his federal sentence on September 30, 2010. (Rohmer Decl., ¶8; Attach. 2, 4.)

The Federal Bureau of Prisons ("BOP") calculated Petitioner's federal sentence to commence on September 30, 2010, and he was given prior custody credit for December 25, 2002 (the day after his state sentence was determined to conclude) through September 29, 2010 (the day prior to commencement of his federal sentence.) (Rohmer Decl., ¶9, ECF No. 5-1 at 3; Attach. 5, ECF No. 5-2 at 16-17.)

II. THE PETITION, ANSWER AND REPLY

A. The Petition

Petitioner seeks credit for a 38-month period of prior custody credit against his federal sentence, arguing that the federal sentencing court ordered that he should receive this credit. (Pet., ECF No. 1 at 2-3.) Petitioner asserts that the Honorable Arthur D. Spatt in the Eastern District of New York found that his state and federal cases arose out of the same transaction and occurrence, and sentenced him to a term of 360-months imprisonment consecutive to his state sentence but with credit toward his federal sentence from September 24, 1988 through his sentencing date. (Id. at 3-4.) Petitioner exhausted his administrative remedy appeals through the BOP, seeking this prior custody credit. (Id. at 5-6.)

Petitioner contends that the sentencing court intended for him to receive this credit, as evidenced by the Judgment ordering

3

that he be given credit for time already served, and the sentencing transcript reflecting that the court stated his credit would begin on September 24, 1988. (Pet., ECF No. 1 at 6-7). Petitioner maintains that a sentencing court has the authority under U.S.S.G. § 5G1.3(c) to order a sentence fully and retroactively concurrent to a sentence the defendant was already serving. (Id. at 7.) If the BOP cannot give Petitioner credit from September 24, 1988 through November 15, 1991, Petitioner seeks an amended judgment imposing a sentence reduced by the 38-months plus his good time credit. In the event this Court enters an Amended Judgment and modified sentence, Petitioner further seeks a sentence reduction based on his rehabilitation and other factors. (Id. at 10-11.)

B. The Answer

Respondents argues that the petition should be denied for three reasons: (1) Petitioner was in the primary custody of the State of New York for the 38-month period at issue; (2) Petitioner received credit for that 38-month period against his state sentence, and the BOP is prohibited from double-crediting time served against a sentence, and (3) this Court does not have jurisdiction to modify Petitioner's sentence. (Answer, ECF No. 5 at 5.)

Respondents contend that pursuant to 18 U.S.C. § 3585(b), the BOP is statutorily prohibited from crediting time that was credited against his state sentence against his federal sentence as well.

4

(Answer, ECF No. 5 at 8.) Respondents further contend that a district court may not modify a sentence once imposed unless it meets one of the exceptions in 18 U.S.C. § 3582(c). (Id. at 10.) According to Respondents, none of those exceptions apply. (Id. at 10-11.) Additionally, the appropriate jurisdiction for sentence modification is the sentencing court, not the district of custody. (Id. at 11.)

### C. The Reply

In reply, Petitioner notes that Respondents rely on the sentencing court's order that the sentences run consecutively but they ignore that the sentencing court specifically provided the dates for which Petitioner should receive prior custody credit. (Reply, ECF No. 8 at 1-2.) Further, Petitioner objects to consideration of an email from the district court's courtroom deputy thirty years later, when the sentencing transcripts clearly indicate the court's intent. (Id. at 2.)[2]

## III. DISCUSSION

### A. 18 U.S.C. § 3585(b) and USSG 5G1.3

As the Third Circuit noted in Rios v. Wiley, "this case requires [the court] to explore once again the interplay between the roles of the sentencing court in determining the length of a sentence of incarceration to be served and the BOP in calculating

---

[2] This Court will rely only on the sentencing transcript and Judgment.

when the sentence imposed will have been satisfied." 201 F.3d 257, 263 (3d Cir. 2000) superseded by statute as recognized in United States v. Saintville, 218 F.3d 246 (3d Cir. 2000) (citing United States v. Williams, 158 F.3d 736, 742 (3d Cir. 1998)).

Following the lead of the Third Circuit, the Court sets forth the relevant statutory provisions and guidelines governing the sentencing court's determination of the length of the sentence where the defendant is subject to an undischarged term of imprisonment.

18 U.S.C. § 3584 provides:

> (a) Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.
>
> (b) Factors to be considered in imposing concurrent or consecutive terms.--The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).

> (c) Treatment of multiple sentence as an aggregate.--Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

18 U.S.C. § 3585(b) provides:

> Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> That has not been credited against another sentence.

Section 3585(b) prohibits the BOP from awarding prior custody credit for any time that has been credited against any other sentence. United States v. Wilson, 503 U.S. 329, 337 (1992).

Although § 3585(b) prohibits the BOP from awarding such prior custody credit, the BOP must first implement the sentence imposed by the court under the sentencing guidelines. Rios, 201 F.3d at 264. Relevant here is the sentencing court's authority to impose sentence under U.S.S.G. § 5G1.3. If the BOP failed to implement the sentence imposed by the sentencing court under the Sentencing Guidelines, the petitioner may be entitled to habeas corpus relief under 28 U.S.C. § 2241. Rios, 201 F.3d at 270–71.

"Generally, the sentencing court must apply the Guidelines Manual in effect at the time of sentencing." United States v. Bertoli, 40 F.3d 1384, 1403 (3d Cir. 1994). If application of the Guidelines Manual in effect at sentencing creates ex post facto concerns, courts must apply the earlier Guidelines. Id.

The Third Circuit explained how courts should review sentencing court's statements when a habeas petitioner challenges the BOP's interpretation of the sentencing court's intent.

> In interpreting a sentencing court's statements, we "inspect[ ] ... the sentencing transcript as well as the judgment the sentencing court entered." *Rios,* 201 F.3d at 265. When a sentencing court's oral sentence and its written sentence "are in conflict," the oral sentence prevails. *United States v. Faulks,* 201 F.3d 208, 211 (3d Cir.2000). However, when there is no conflict between the oral and written statements, but rather only ambiguity in either or both, we have recognized that the controlling oral sentence "often [consists of] spontaneous remarks" that "are addressed primarily to the case at hand and are unlikely to be a perfect or complete statement of all the surrounding law." *Rios,* 201 F.3d at 268 (citation omitted). In interpreting the oral statement, we have recognized that the context in which this statement is made is essential.

Ruggiano v. Reish, 307 F.3d 121, 133–34 (3d Cir. 2002).

B. Analysis

Here, based on ex post facto concerns, Judge Spatt applied the United States Sentencing Guidelines Manual in effect in 1987.

8

(Sentencing Tr., ECF No. 1-2 at 13.) The 1987 Guidelines Manual, § 5G1.3 provided:[3]

> Convictions on Counts Related to Unexpired Sentences
>
> If at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) shall run consecutively to such unexpired sentences, unless one or more of the instant offense(s) arose out of the same transactions or occurrences as the unexpired sentences. In the latter case, such instant sentences and the unexpired sentences shall run concurrently, except to the extent otherwise required by law.
>
> Commentary
>
> This section reflects the statutory presumption that sentences imposed at different times ordinarily run consecutively. See, 18 U.S.C. § 3584(a). This presumption does not apply when the new counts arise out of the same transaction or occurrence as a prior conviction. Departure would be warranted when independent prosecutions produce anomalous results that circumvent or defeat the intent of the guidelines.[4]

Judge Spatt acknowledged that whether he had discretion to impose a consecutive sentence even if the sentence arose out of the same transaction or occurrence was an issue of first impression. (Sentencing Tr., ECF No. 1-2 at 7.) He found that the

---

[3] Section 5G1.3(c), cited by Petitioner, was not in effect in 1987 but was added later and is not relevant here.

[4] Available at https://www.ussc.gov/guidelines/archive/1987-federal-sentencing-guidelines-manual.

9

federal crime indeed arose out of the same transaction and occurrence as the state crime. (Sentencing Tr., ECF No. 1-2 at 7.) He then determined that although § 5G1.3 suggested the sentences should be concurrent, 18 U.S.C. § 3584(a), (b) permitted him to determine whether to make the sentences concurrent or consecutive based on the factors in 18 U.S.C. § 3553(a). (Id. at 15.)

Judge Spatt relied in part on the commentary to § 5G1.3 "Departure would be warranted when independent prosecutions produce anomalous results that circumvent or defeat the intent of the guidelines." (Id. at 20.) He stated:

> Here I find that there would be such an anomalous result if I were to sentence Mr. Vega to concurrent time. Let us assume that I take the guidelines, the guidelines are 360 months to life. If I were to sentence the defendant Vega to the lower end of the guidelines, let's take the 360 months, based on my reasons set forth as I'm required to set forth under 18 United States Code 3553(c)(l), which is more than 24 total offense, and I sentence this defendant to the lower end, the lowest end, namely, 360 months. And if I was compelled to sentence concurrently, then the defendant could possibly serve only 60 months, five years for the horrendous crimes that I have detailed and would, in my view, produce an anomalous result which could circumvent and defeat the intent of the guidelines….

(Id. at 20-21.)

Most relevant here, the following exchange occurred regarding Petitioner's prior custody credit:

> It is further Ordered that the defendant is to be given credit for time already served, specifically, since September 24, 1988.
>
> MR. GINSBURG [the prosecutor]: Excuse me, Your Honor. He wasn't brought into federal custody until sometime early September 1989, or the end of August.
>
> THE COURT: Whatever he should be credited for he is to be given credit. I'm not sure whether it's only for federal time or whether the state time, I'm not sure about.
>
> MR. GINSBERG: I believe the time between September 24, 1988, and the end of August, 1989, is applied to his state time.
>
> THE COURT: Whatever it is, he is to be given credit for the proper time. I don't know what it is and I will not say if there is a dispute about it. Whatever it is, it is.

(Sentencing Tr., ECF No. 1-2 at 41-42.)

The sentencing court made the following written comments in the Judgment:

> THIS SENTENCE IS IMPOSED CONSECUTIVE TO THE DEFENDANT'S PRIOR STATE TERM OF 25 YEARS TO LIFE.
>
> IT IS FURTHER ORDERED, THAT THE DEFENDANT BE GIVEN CREDIT FOR TIME ALREADY SERVED.

(Judgment, ECF No. 1-2 at 59.)

Judge Spatt's written and oral statements are not in conflict but one has to look at the context of the oral statements to understand what the court intended by ordering that the defendant be given credit for time already served. Petitioner contends that Judge Spatt intended that he be given credit since September 24,

11

1988, but this ignores the exchange between Judge Spatt and the prosecutor over whether the time would be credited by the state. The court did not know whether the time would be credited by the state but simply wanted the petitioner to be awarded the "proper time."

If Judge Spatt wished for Petitioner to receive less than the 360-month Guidelines sentence, under his authority to depart from the Sentencing Guidelines, he could have so stated. Based on Judge Spatt's thorough discussion and application of the law, this Court believes he would have made clear that he was departing from the 360-month Guidelines sentence by crediting Petitioner for some of the time he spent in state custody. Instead, Judge Spatt acknowledged that he did not know whether Petitioner was in state or federal custody at the time, but he wanted Petitioner to get "proper credit." Under these circumstances, proper credit was the credit allowed under § 3585(b), which precludes "double credit" for time credited against a state sentence. For these reasons, the BOP did not err in calculating Petitioner's federal sentence.

IV. CONCLUSION

For the reasons discussed above, the habeas petition is denied.

An appropriate Order follows.

Dated: July 29, 2019

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**